**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

RYAN L. FISEL,                        )
                                      )
            Plaintiff,          )
                                        )     CAUSE NO. 3:07-CV-560 PS
           vs.                 )
                                        )
MARK OLIVERO, and JEFFREY RAFF,   )
                                        )
          Defendants.      )

**<u>OPINION AND ORDER</u>**

Ryan L. Fisel, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983 [DE1].

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and

dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief.  FED. R.

CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for

failure to state a claim upon which relief can be granted.  Courts apply the same standard under §

1915A as when addressing a motion under RULE 12(b)(6).  *Lagerstrom v. Kingston*, 463 F.3d

621, 624 (7th Cir. 2006).

The pleading standards were recently retooled by the Supreme Court.  In the context of a

motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to

provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic v. Twombley*,

127 S. Ct. 1955, 1964-65 (2007) (quotation marks and alterations omitted).  Instead the Court

held that the factual allegations in the complaint "must be enough to raise a right to relief above

the speculative level."  *Id*. at 1965.  Two weeks later the Supreme Court decided *Erickson v.*

*Pardus*, 127 S. Ct. 2197 (2007).  In *Erickson* the Court also took up the issue of pleading

standards, but this time in the context of *pro se* litigation.  In *Erickson*, the Court stated that

"[s]pecific facts are not necessary" to meet the requirements of Rule 8(a).  *Id*. at 2200.  The

Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers."  *Id*. (quotation marks and citations omitted).  In an effort to

reconcile *Twombley* and *Erickson* the Seventh Circuit has read those cases together to mean that

"at some point the factual detail in a complaint may be so sketchy that the complaint does not

provide the type of notice of the claim to which the defendant is entitled under Rule 8."

*Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007).

      In order to state a cause of action under 42 U.S.C. § 1983 the plaintiff must allege that

some person has deprived him of a federal right and that the person who has deprived him of the

right acted under color of state law.  *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

Fisel alleges that his public defenders refused to provide him with copies of discovery from his

state criminal case.  (*See* Compl. [DE1].)  A defense attorney, even an appointed public

defender, does not act under color of state law.  *Polk County v. Dodson*, 102 S. Ct. 445, 453

(1981).  Because the Defendants are not state actors and did not act under color of state law, they

cannot be sued under § 1983.

      For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. 1915A.

      **SO ORDERED**.
ENTERED: November 26, 2007

                    s/ Philip P. Simon
                    PHILIP P. SIMON, JUDGE
                    UNITED STATES DISTRICT COURT